UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

AARON WILLIAMS,

                              Plaintiff,

            -against-

CITY OF NEW YORK,
NYC POLICE DEPARTMENT,
SGT. JOHN KEANE 32nd Pct., and
P.O. GLAS 32nd Pct., et al.,

                              Defendants.

------------------------------------------------------------------------- X

**ANSWER TO THE COMPLAINT BY DEFENDANT GANZ**

17-CV-8728 (AT) (HPB)

**JURY TRIAL DEMANDED**

        Defendant Police Officer Michael Ganz,[1] by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the Complaint,[2] respectfully alleges, as follows:[3]

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "I," entitled "Legal Basis for Claim," on page 2 of the Complaint, except admits that Plaintiff purports to proceed with this action as set forth therein.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "II," entitled "Plaintiff Information," on page 2 of the Complaint, except admits that, upon information and belief, Plaintiff is currently in the custody of the New York City Department of Correction ("DOC") and currently housed at the Anna M. Kross Correctional Center ("AMKC").

---

[1] Michael Ganz is not named in the caption of the Complaint, but is listed as a defendant on page three of the Complaint.

[2] Defendant City of New York and Sergeant John Keane interposed an answer to the Complaint on March 20, 2018.

[3] The individual identified in the caption as "P.O. Glas" is presently retired from NYPD and has not yet been served process, and therefore is not yet a party to this action.

- 2 -

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "III," entitled "Prisoner Status," on page 2 of the Complaint, except admits that, upon information and belief, Plaintiff is currently in the custody of DOC and currently housed at AMKC.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "IV," entitled "Defendant Information," on page 3 of the Complaint, except admits that Plaintiff purports to name the defendants as set forth therein.

5. Denies the allegations contained in paragraph "V," entitled "Statement of Claim," subsection entitled "Facts," on page 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff was transported to Manhattan Central Booking, stripped searched, had his parole supervision modified, and Plaintiff's communications with the "the used car dealer," except admits that on February 9, 2016, Plaintiff was arrested by Defendant Ganz for Possession of a Forged Instrument and transported to the 32nd Precinct for arrest processing.

6. Denies the allegations contained in paragraph "V," entitled "Statement of Claim," subsection entitled "Injuries," on page 5 of the Complaint.

7. Denies the allegations contained in paragraph "VI," entitled "Relief," on page 5 of the Complaint, except admits that Plaintiff purports to seek relief as stated therein.

- 3 -

**FIRST AFFIRMATIVE DEFENSE:**

8.      The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

9.      Defendant Ganz has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

10.     At all times relevant to the incident, Defendant Ganz acted reasonably in the proper and lawful exercise of his discretion.

**FOURTH AFFIRMATIVE DEFENSE:**

11.     Defendant Ganz has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE:**

12.     There was reasonable suspicion for the stop and search of Plaintiff's vehicle.

**SIXTH AFFIRMATIVE DEFENSE:**

13.     There was probable cause for Plaintiff's arrest, detention, and prosecution.

**SEVENTH AFFIRMATIVE DEFENSE:**

14.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or that of a third party, and was not the proximate result of any act of Defendant Ganz.

**EIGHTH AFFIRMATIVE DEFENSE:**

15. To the extent Plaintiff purports to state any claims under state law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law Sections 50-e et seq.

**NINTH AFFIRMATIVE DEFENSE:**

16. To the extent Plaintiff purports to state any claims under state law, any such claims are barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE:**

17. To the extent Plaintiff purports to state any claims under state law, Plaintiff has failed to comply with conditions precedent to suit.

**WHEREFORE,** Defendant Police Officer Ganz requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 25, 2018

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York, Keane, and Ganz*
100 Church Street
New York, New York 10007
(212) 356-3521

By: _____
Allyson Brown
*Assistant Corporation Counsel*
Special Federal Litigation Division

- 5 -

cc:    Aaron Williams (*via first class mail*)
        NYSID # 08003501P
        *Plaintiff Pro Se*
        New York City Department of Correction
        Anna M. Kross Correctional Center
        18-18 Hazen Street
        East Elmhurst, New York 11370